### THE YELLOW PINE COMPANY, PROSECUTOR; v. THE STATE BOARD OF ASSESSORS.

Submitted December 8, 1903—Decided February 23, 1904.

A corporation has $96,000 invested in lumber stored for sale upon a city lot valued at $600,000, on which a dressing mill valued at $30,000 is operated in connection with the lumber business. *Held,* that upon the assumption that the work done at the mill is "manufacturing" it does not give color to the capital represented by the lumber and the land on which it is stored so as to exempt it from taxation as capital invested in manufacturing carried on within this state.

On *certiorari.*

Before Justices GARRISON and GARRETSON.

For the prosecutor, *George L. Record.*

For the defendant, *Robert H. McCarter,* attorney-general.

The opinion of the court was delivered by

GARRISON, J.   The prosecutor was a corporation organized under the laws of New Jersey, with an authorized capital stock of $1,845,700, all of which was issued and outstanding on the 1st day of January, 1903. A return for the purpose of taxation for the year in question was duly made by the prosecutor, which return showed $1,000,000 of capital stock invested in manufacturing in New Jersey. The question is whether this sum, or a sum equal to fifty per cent. of

the prosecutor's capital stock, is invested in manufacturing carried on in this state. The part of this capital that is in anywise invested in this state is represented by a tract of land in Hoboken, worth $600,000, on which the company has its lumber yard and operates a dressing mill, valued at $30,000, and where it carries a stock of lumber valued at $96,000. The question is whether the use made by the corporation of this mill, in connection with its lumber business, draws to it the entire capital represented by the lumber itself and the land on which it is stored for sale so as to characterize this entire capital, or at least $500,000 of it, as capital invested in manufacturing carried on within this state. The impression produced by the somewhat meagre state of the proofs is that the great bulk of this capital is invested in an expensive tract of city property and in the lumber there stored and exposed for sale, and that the use of the mill is to cut or dress lumber, according to the needs of purchasers, as auxiliary to its sale. If this process can in any fair sense be called manufacturing, it at least should not be extended so that $30,000 invested in such process should, for the purpose of exemption from taxation, lend color to $696,000 invested in merchandise and a business stand.

The conclusion reached is that the corporation is not entitled to the exemption that it claims.